UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EDUARDO V., | : |
|     Plaintiff, | : |
| | : |
| v. | :   C.A. No. 23-011WES |
| | : |
| MARTIN O'MALLEY, | : |
| Commissioner of the Social Security | |
| Administration, | : |
|     Defendant. | : |

## REPORT AND RECOMMENDATION

PATRICIA A. SULLIVAN, United States Magistrate Judge.

In this case, Plaintiff Eduardo V. has been represented by Green & Greenberg ("G&G"). Through August 2023, the filings in this Court on Plaintiff's behalf were all made by Attorney David F. Spunzo. On July 3, 2023, Attorney Spunzo filed Plaintiff's motion to reverse (ECF No. 12), supported by a memorandum of law. On September 1, 2023, Attorney Spunzo left G&G.[1] ECF No. 27-1 ¶ 6. On August 28, 2023, Attorney Morris Greenberg of G&G filed his entry of appearance. ECF No. 15. After two extensions, the Commissioner responded to Plaintiff's motion to reverse by filing an assented motion to remand. ECF No. 17. On September 18, 2023, the motion to remand was granted and the Court entered judgment in Plaintiff's favor, making him the "prevailing party" entitled to an award of reasonable attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. On December 18, 2023, Attorney Greenberg filed a motion seeking an award of EAJA attorney's fees of $4,179.97. ECF No. 19.

Plaintiff's EAJA fee motion is supported by a timesheet that purports to reflect the reasonably incurred hours related to this case. ECF No. 19-1. The Commissioner opposes the

---

[1] Attorney Spunzo has not withdrawn his appearance; thus, he is still counsel of record in this case.

EAJA fee motion, arguing that this timesheet is facially suspect, seemingly a reconstruction that is not based on contemporaneously maintained time records. ECF Nos. 23, 25. To support this serious allegation, the Commissioner points to timesheets submitted by G&G in nine cases (including this one) pending in this District either as compromise proposals[2] and/or attached to EAJA motions. In each of the nine cases, the substantive work (principally the drafting of the opening brief supporting the successful motion to reverse) was completed before Attorney Spunzo left G&G, while the work associated with the EAJA motion was done after his departure. The Commissioner contends that close examination of these timesheets reveals a pattern that permits – indeed compels – the inference that, after Attorney Spunzo's departure, G&G began to present timesheets in support of its claim for EAJA fees reflecting attorney work that is based on a canned reconstruction rather than based on records reflecting the work actually performed on the case. ECF No. 23. Only after the Commissioner detected the pattern and raised this serious concern in an email to Attorney Greenberg of G&G sent on December 13, 2023 (ECF No. 27-2), did G&G's EAJA timesheets begin to become more nuanced.

Based on this allegation, the Commissioner asks the Court to deny Plaintiff's EAJA fee motion and to award no fees or costs, despite Plaintiff's status as the prevailing party. ECF No. 23. Alternatively, the Commissioner asks the Court to refuse reimbursement for time procuring extensions and for all of the time working on the EAJA fee award ("fees-for-fees"). On reply, G&G argues that its overall fee request is modest and relies on an affidavit from Attorney Spunzo ("Spunzo Affidavit"), who avers that he reviewed timesheets after his departure from

---

[2] These compromise submissions are consistent with the salutary practice of attorneys who represent "prevailing parties" entitled to EAJA fees of submitting the timesheet for which award will be sought to the Commissioner's counsel to explore whether the parties can reach a compromise so that the EAJA motion can be presented to the Court as assented. See Conserva v. Kijakazi, Civil Action NO. 22-cv-10205-AK, 2023 WL 8126660, at *3 (D. Mass. June 23, 2023) (Attorney Spunzo represents to court that, in social security cases, he "negotiated" with Commissioner's counsel to reach mutually agreeable fee awards).

2

G&G "as requested when they involved work [he] had performed" and that the timesheet in issue in this case is "accurate to the best of [his] knowledge . . . and based on [his] contemporaneously kept time records."  ECF No. 27-1 ¶¶ 7, 9.  G&G's reply asks the Court to supplement the award by adding fees for the time spent (valued at $4,855.60) responding to the Commissioner's opposition.

Plaintiff's EAJA fee motion has been referred to me.  28 U.S.C. § 636(b)(1).  Pursuant to Fed R. Civ. P. 54(d)(2)(D), I am addressing it under Fed. R. Civ. P. 72(b) as if it were a dispositive matter.

I.   **Background**

This EAJA motion presents the Court with troubling factual allegations by which the Commissioner challenges the attorney time in G&G's EAJA timesheets pertaining to eight cases[3] pending in this District,[4] including this one.  To untangle this web, I have focused

---

[3] There is a ninth case, Francisco A. v. Kijakazi, No. 1:23-cv-00085-MSM-LDA (D.R.I.), that features a similarly identical timesheet but that is not challenged as discussed *infra*.  Arranged in the order in which they were filed, the eight cases filed in this District for which timesheets have been challenged are:

1. Danny P. v. O'Malley, No. 1:22-cv-00409-JJM-LDA (D.R.I.).
2. Eduardo V. O'Malley, No. 1:23-cv-0011-WES-PAS (D.R.I.).
3. Adriane A. v. O'Malley, No. 1:23-cv-00077-JJM-PAS (D.R.I.).
4. Towanna L v. O'Malley, No. 1:23-cv-00109-MSM-LDA (D.R.I.).
5. Nicholas B. v. O'Malley, No. 1:23-cv-00110-JJM-LDA (D.R.I.).
6. Austin B. v. O'Malley, No. 1:23-cv-00142-JJM-PAS (D.R.I.).
7. Lisa H. v. O'Malley, No. 1:23-cv-00178-JJM-LDA (D.R.I.).
8. Michael D. v. O'Malley, No. 1:23-cv-00197-JJM-LDA (D.R.I.).

In this report and recommendation, Social Security cases will be referred to by the claimant's first name.

[4] The Commissioner alleges that the conduct in issue also impacted two cases in the District of Massachusetts.  They are Jose V. v. Kijakazi, No. 1:23-cv-10622-ADB (D. Mass.), and Julia K. v. Kijakazi, No. 3:23-cv-10426-KAR (D. Mass.).  Other than to confirm that the Commissioner's representations about the timesheets in these cases appear to be well founded, I have not included out-of-District cases in my analysis.

chronologically on the timesheets presented in each case, including this one, with particular attention to the attorney time claimed to research and write the claimant's opening brief.[5] In six of the eight cases, the Commissioner voluntarily remanded the matter after the opening brief, so that the opening brief is far and away the most substantial work performed. In two cases, the claimant prevailed after full briefing so that the substantive work included drafting a reply; nevertheless, in these cases, the opening brief is still the pivotal task of substance.[6] This perspective is also appropriate because an opening brief is a unique attorney work product that is necessarily tailored to the facts, law and number of reversal arguments in issue in the particular circumstances of each case. Thus, the research and drafting work performed to create an opening brief is necessarily varied from case to case. It is not susceptible of capture in a canned

---

[5] G&G argues that the Court may not consider the compromise timesheets submitted in this case and the other cases because they are compromise communications that are not admissible pursuant to Fed. R. Evid. 408. I do not agree. Rule 408 permits the Court to consider compromise communications offered for a purpose other than to prove or disprove the amount of a disputed claim or to impeach. These timesheets are offered for another purpose. They are acutely relevant in Eduardo because their identicality (as to the time spent on the opening brief) materially undermines the representation that the timesheet presented for EAJA reimbursement in Eduardo complies with 28 U.S.C. § 2412(d). To hold otherwise would result in a serious miscarriage of justice impacting the expenditure of public funds because G&G's alleged conduct is not susceptible of detection unless the compromise timesheets from other cases are considered. In this circumstance, I find that it is appropriate for the Court to consider the timesheets submitted for compromise discussion in deciding whether to award an EAJA attorney's fee. I further rely on the reality that G&G attached to its reply a copy of email communications between Attorney Greenberg and counsel for the Commissioner to argue that the Commissioner tried to "bully" G&G by demanding that all EAJA motions based on tainted timesheets be withdrawn. ECF No. 27 at 1; ECF Nos. 27-2, 27-3. These emails are compromise communications, one of which specifically lists and analyzes all of the compromise timesheets in issue. Thus, G&G has asked the Court to consider these compromise communications, thereby waiving its argument that they are protected by Fed. R. Evid. 408. See JIPC Mgmt., Inc. v. Incredible Pizza Co. Inc., No. CV 08-04310 MMM (PLAx), 2009 WL 8591607, at *27 (C.D. Cal. July 14, 2009) (party that relies on compromise communication loses right to exclude it pursuant to Fed. R. Evid. 408).

[6] In these two cases (Danny and Nicholas), the Commissioner argues that the attorney time to write the reply also fits the troubling pattern in that the entries for this work are identical, which is particularly suspect not only because these replies were entirely different but also because, as discussed *infra*, different attorneys appeared to have worked on them. Because Eduardo was remanded before the reply was due, I have not focused on this argument, other than to observe that factually it appears to be well founded.

time entry, even though other more routine tasks (such as paralegal work associated with *in forma pauperis* paperwork) may be.[7]

To begin my review, I looked back to 2022 and examined six randomly chosen timesheets attached to EAJA motions filed by Attorney Spunzo while he was with G&G.[8] This analysis reveals a pattern consistent with what one would expect from an attorney working from contemporaneous time records to record the reasonable time spent on the case. For the opening brief, the entries on these timesheets are appropriately detailed and each is different from the other. Read together, these timesheets are entirely consistent with Attorney Spunzo's averment in the Spunzo Affidavit that he "kept contemporaneous time records of each task [he] performed on each case." ECF No. 27-1 ¶ 3. Thus, it appears (and the Commissioner does not argue otherwise) that, during the period prior to Attorney Spunzo's departure, G&G maintained contemporaneous time records and that the EAJA motions then filed by G&G were generally appropriately supported by timesheets based on contemporaneous time records.[9]

As far as the Court is aware, the first EAJA motion submitted by G&G after Attorney Spunzo's departure was filed on consent on October 24, 2023, in Francisco, No. 1:23-cv-00085-

---

[7] Thus, I do not accept Plaintiff's argument that very similar time entries for similar tasks is an unremarkable feature of timekeeping in a contemporary law practice. This proposition is off the mark when the Court's focus is on the attorney time to research and write the brief.

[8] These are: Kathy R. v. Kijakazi, No. 22-cv-178-WES-LDA (D.R.I.), ECF No. 16-2; Halina M.v. Kijakazi, No. 21-cv-00384-WES-LDA (D.R.I.), ECF No. 24-2; AnnJeannette P. v. Kijakazi, No. 22-cv-168-WES-LDA (D.R.I.), ECF No.14-2; Marie D. v. Kijakazi, No. 22-cv-265-WES-PAS (D.R.I.), ECF No. 9-2; Gary M. v. Kijakazi, No. 22-cv-164-WES-PAS (D.R.I.), ECF No. 15-2, Joseph M. v. Kijakazi, No. 21-cv-413-WES-PAS (D.R.I.), ECF No. 17-2.

[9] In past EAJA disputes, the Commissioner has complained of exceptions to this proposition in that, for example, isolated G&G's timesheets have contained time entries that seemingly had been copied verbatim from another case. In those instances, this Court declined to examine timesheets in other cases, instead focusing on the timesheet in issue. E.g., Joseph M. v. Kijakazi, C.A. No. 21-413WES, 2022 WL 17735821, at *1 n.1 (D.R.I. Dec. 16, 2022) (citing Glass v. Secretary of Health and Human Svs., 822 F.2d 19, 20 (6th Cir. 1987) ("The relevant question . . . is not what is required in *most* social security cases, but what did *this* case require.")). The circumstances in Eduardo differ materially from Joseph in that the Commissioner is not focused on an isolated time entry that is plainly wrong (as in Joseph) but rather on a what he alleges is a pervasive pattern of reconstructed entries that would elude detection unless the Court considers the timesheets submitted for other cases.

5

MSM-LDA. Presented for compromise prior to the filing of the consented Francisco EAJA motion, the Francisco timesheet[10] claimed as reasonable fees a total of $3,650.48. For work on the opening brief, the Francisco timesheet lists the following three attorney-time entries:

| | | |
|---|---|---|
| 7/14/2023 | Outlined, drafted brief | 7.5 |
| 7/17/2023 | Reviewed, incorporated edits into brief | 2.25 |
| 7/18/2023 | Filed brief | 0.5 |

Notably, this set of time entries is as different from the entries for the opening brief that appear on the 2022 EAJA motions summarized above as those entries are different from each other. The Commissioner made no objection to the Francisco timesheet and the Court awarded the EAJA fees requested. The Commissioner does not contend that there is anything inherently suspicious about the Francisco timesheet; it has been presented to the Court because the Commissioner contends that it contains the same concerning time entries as the eight other cases. The Commissioner's presentation permits the inference that the Francisco timesheet may have been used by G&G as the template to reconstruct the attorney-time entries on the next eight EAJA timesheets it submitted.

Meanwhile, on various dates (unknown to the Court except for one) prior to December 13, 2023, G&G presented to the Commissioner as compromise proposals timesheets for six of the cases (Adriane, Austin, Lisa, Michael, Eduardo and Towanna). For one of these timesheets (Towanna), the transmittal email is in the record; dated December 11, 2023, it is from Attorney Greenberg to counsel for the Commissioner and states that attached are "a EAJA Petition and

---

[10] The Francisco compromise timesheet is filed as part of the briefing in Eduardo. ECF No. 23-2. It was not filed in Francisco because the EAJA motion was presented on consent. However, the amount sought by the consent motion is identical to amount sought by the compromise timesheet ($3650.48). Francisco, 23-cv-85-MSM-LDA, ECF No. 15-1. This permits the inference that the Francisco compromise timesheet was the basis for the EAJA fee awarded.

Timesheet for review for EAJA Fees." ECF No. 27-2 at 6.  Then, on December 12, 2023, G&G (Attorney Greenberg) filed EAJA motions in Danny and Nicholas.

Each of the six timesheets presented as compromise proposals in Adriane, Austin, Eduardo, Lisa, Michael and Towanna and both timesheets filed in this Court in Danny and Nicholas are identical[11] to each other and to the Francisco timesheet in pivotal respects.[12]  Most notably, the time claimed for preparing and filing each of the very different briefs filed in each of these very different cases[13] is verbatim identical, down to the level of identical punctuation. Further, to defend its fee motions in Danny and Nicholas, G&G has presented the Court with affidavits (in Danny) from Attorney Spunzo only and (in Nicholas) from Attorney Spunzo and Attorney Alan Lani, who is admitted in Kentucky.[14]  The latter avers that he (whether alone or together with Attorney Spunzo is not specified) performed research and drafting for Nicholas. Yet, despite these affidavits suggesting that these two very different opening briefs were worked

---

[11] G&G's recently filed replies in Austin and Lisa are supported by a paralegal affidavit that avers that this identical language, at least in Austin and Lisa, is a mistake; G&G concedes that these timesheets were "wrong," and "not correct," for which G&G "apologizes" and expresses "regrets."  Austin, 23-cv-142-JJM-PAS, ECF Nos. 21 at 1-2; 21-2; Lisa, 23-cv-178-JJM-LDA, ECF Nos. 20; 20-2.  While the Austin/Lisa paralegal's affidavit does not specify her "mistakes," the Court may infer that they include the time recorded for work on the opening brief as these entries are totally changed on the filed – "corrected" – versions of the Austin/Lisa timesheets.  See Austin, 23-cv-142-JJM-PAS, ECF 17; Lisa, 23-cv-178-JJM-PAS, ECF No. 16.  Troubling to the Court is the paralegal's averment that she corrected her errors in Austin and in Lisa and sent the corrected timesheets to Attorney Greenberg in December 2023.  Id.  Yet in late January 2024, Attorney Greenberg filed his reply in Eduardo, alleging that the identical language in the timesheet submitted to compromise Eduardo was so similar merely due to "the repetitive and cyclical nature of this type of practice," and demanded a supplemental fee award because the Commissioner's arguments are "baseless attacks."  ECF No. 27 at 7.

[12] The Commissioner does not suggest, as the Court's detailed review of the timesheets in issue has confirmed, that these timesheets are completely identical to each other in all respects.  To the contrary, it appears each is anchored in the events of the case in issue.  To illustrate with one example, a paralegal-time entry for noting a referral by the Court is recorded in Eduardo, which was referred, and not in Austin, which was not referred.  Compare Austin timesheet (ECF No. 23-1 at 36) with Eduardo timesheet (ECF No. 25-1 at 2).  These minor differences largely (but not entirely) relate to the paralegal time.  As a result of such minor differences, the total amount sought by each timesheet is different.  Focusing on the compromise timesheets for the cases that were voluntarily remanded, they range from $3,533.50 (Lisa) to $3,916 (Austin).

[13] This observation is based on the Court's review of the opening briefs that were filed in each of these eight cases.

[14] Danny, No. 22-cv-409-JJM-LDA, ECF No. 22-1; Nicholas, No. 23-cv-110-JJM-LDA, ECF No. 22-2.

on by different attorneys, the time recorded for researching, writing and filing them as recorded in the timesheets filed with this Court is verbatim identical, each to the other, to the six presented to the Commissioner as compromise proposals and to the timesheet supporting the fee award in Francisco.

The EAJA fee motions in Danny and Nicholas were filed on December 12, 2023. The next day (December 13, 2023), counsel for the Commissioner sent an email to Attorney Greenberg advising him of counsel's observation of this troubling pattern and of its conclusion – that the timesheets collectively reflect "glaring irregularities in the timekeeping you've submitted that bears directly on the reasonableness of the fees sought and whether your firm kept contemporaneous time records." ECF No. 27-2 at 2. The Commissioner further observed:

> [T]hese cases all relate to the period near the end of Mr. Spunzo's tenure with your firm. Given that he's no longer with your firm, it seems apparent to us that your EAJA petitions reflect an effort to assemble his time, but it seems dubious that the time entries you've provided to us come from contemporaneously kept records. Most glaring is the time devoted to briefing in these cases. . . . It defies common sense to believe that each of these cases – which raised varying issues and were of different lengths and detail – all required the *precise* same amount of time over a three-day period to brief.

Id. ("December 13, 2023, Email"). Having made a detailed study of the factual contentions in the December 13, 2023, Email, and the timesheets referenced in it, I find that the December 13, 2023, Email accurately describes the pattern as of that date.

Five days later, on December 18, 2023, G&G filed the EAJA fee motion in this case. ECF No. 19. Attached to the motion is a timesheet (the "Eduardo final timesheet") that – focusing on the work done on the opening brief – is strikingly similar, but not identical, to the version (the "Eduardo compromise timesheet")[15] presented to the Commissioner on some date

---

[15] That is, as noted *supra*, the pertinent entries on the Eduardo compromise timesheet are verbatim identical to those submitted in Francisco, Adriane, Austin, Lisa, Michael and Towanna, and those filed in Danny and Nicholas.

8

prior to the December 13, 2023, Email.[16]  See ECF Nos. 19-1; 25-1.  The differences may be briefly summarized.  First, as averred by Attorney Spunzo (ECF No. 27-1 ¶ 8),[17] the Eduardo final timesheet contains a time entry for March 10, 2023, for 2.2 hours of attorney time to review the administrative record, outline the argument and identify the issues; consistent with the Spunzo Affidavit, the Eduardo compromise time sheet entirely omits any variation of this entry.  See ECF Nos. 19-1; 25-1.  Second, the work claimed for June 29, 2023, morphed from "Outlined, drafted brief" (7.5 hours) for the Eduardo compromise time sheet to "Finalized Outline, Drafted opening brief" (7.25 hours) for the Eduardo final timesheet.  See ECF No. 19-1 at 1; 25-1 at 2.  Third, the time entry for June 30, 2023, ["Reviewed, incorporated edits into brief," (2.25)] on the Eduardo compromise timesheet appears as a July 3, 2023, time entry on the Eduardo final timesheet ["Reviewed, incorporated final edits into brief, final review and submission of opening brief." (2.25)].  See ECF No. 19-1 at 1; 25-1 at 2.  In short, the Eduardo final timesheet still appears to be based on the same foundation as the Francisco timesheet (and other timesheets), albeit edited so that there are differences.  Having exhaustively studied all of the timesheets discussed above, I find that it is impossible for the Court to ascertain to what extent the Eduardo final timesheet is derived from the pattern of conduct flagged by the Commissioner's December 13, 2023, Email; to what extent it was edited simply to create

---

[16] The Commissioner's Eduardo opposition (understandably) appears to be based on his reasonable expectation that the Eduardo compromise timesheet would be attached to the EAJA motion, as apparently had occurred in Danny and Nicholas.  When the Commissioner discovered that the filed version was different, six days after the opposition was filed (and a month before G&G's reply was due), the Commissioner filed a supplemental memorandum, attaching the Eduardo compromise timesheet and noting the discrepancies, without seeking leave of Court.  ECF No. 25.  This supplemental memorandum was critical to the Court's understanding of what really happened.  Accordingly, I have considered it, noting Plaintiff's objection to my doing so.

[17] Paragraph 8 of the Spunzo Affidavit recites: "our paralegal did not initially include any time entries for my work performed on March 9 [sic], 2023.  . . . I provided the missing information to the paralegal to update the timesheet to reflect that change and other changes based on my contemporaneous time records."

9

artificial differences; and/or to what extent the differences have altered it from a reconstruction to an appropriate look-back to contemporaneous time records. I do not find the Spunzo Affidavit sufficient to overcome this deficiency because it is cabined as limited to entries reflecting work he performed which he reviewed "as requested." ECF No. 27-1 ¶ 7.

Since filing the Eduardo EAJA fee motion on December 18, 2023, G&G has filed five more EAJA fee motions, in Austin, Lisa, Michael, Adriane and Towanna. By contrast with the Danny, Nicholas and Eduardo timesheets and the timesheets presented for compromise proposals in each of these cases, these filed timesheets are entirely different in that the work performed on the opening brief is unique and seemingly tailored to the circumstances of the individual case, similar to the pattern revealed by G&G's 2022 EJA motions. Two (Austin and Adriane) of these have been referred to me. By separate report and recommendation, I will recommend that the Court approve them and award reasonable fees, provided that, for the same reasons set out below, I will not recommend any fee award for G&G's work to procure a fee award (fees-on-fees).[18]

## II.     Applicable Law

Under the EAJA, the prevailing plaintiff is entitled to an award of the attorney fees and other expenses actually "incurred" by that party unless "the court finds that the position of the United States was substantially justified," or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). To obtain an EAJA fee award, prevailing claimants must submit to the court an application that "shows . . . the amount sought, including an itemized statement from any attorney . . . stating the <u>actual</u> time expended and the rate at which fees and other expenses

---

[18] As noted *supra*, G&G has now filed its reply in Austin, which makes clear that no supplemental fees are sought because "Plaintiff's counsel recognizes that he should have caught the mistakes in the timesheet prepared by his paralegal before it was sent to Defendant's counsel." Austin, 23-cv-142-JJM-PAS, ECF No. 21 at 6 n.1.

were computed." Id. § 2412(d)(1)(B) (emphasis added); see also Castaneda-Castillo v. Holder, 723 F.3d 48, 79 (1st Cir. 2013). The prevailing party is entitled to EAJA compensation only for a reasonable amount of legal work. Id. § 2412(d)(2)(A); McDonald v. Sec'y of Health & Hum. Servs., 884 F.2d 1468, 1480 (1st Cir. 1989) (fees and expenses, including those "related to litigation over fees," must have been "reasonably incurred").

The successful claimant bears the burden of showing that the hours claimed under the EAJA meet the statutory requirements and are reasonable, which includes the obligation to document the appropriate hours expended. Hensley v. Eckerhart, 461 U.S. 424, 433, 437 (1983); Marc P. v. Kijakazi, C.A. No. 21-00112-MSM, 2022 WL 2290602, at *1 (D.R.I. June 24, 2022). The touchstone is the actual time that is reasonable; this Court has never judicially adopted a range of hours as a recognized reasonable norm for a typical case. Marc P., 2022 WL 2290602, at *2. To carry this burden, the claimant's EAJA fee application must be supported by a detailed and itemized timesheet based on contemporaneously maintained time records.[19] Castaneda-Castillo, 723 F.3d at 79 (EAJA fee application must include statement that "consist[s] of 'detailed contemporaneous time records' explaining how time was spent on each claim in the case") (quoting Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 952 (1st Cir. 1984)). "[M]eticulous timekeeping . . . should constitute the standard for [EAJA] billing." Conserva, 2023 WL 8126660, at *3. "[T]he absence of detailed contemporaneous time records, except in extraordinary circumstances, will call for a substantial reduction in any award or, in egregious cases, disallowance." Grendel's Den, 749 F.2d at 952. As one court recently noted in

---

[19] As our Circuit clarified in Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 297 (1st Cir. 2001), the contemporaneous time records do not need to be physically appended to the EAJA motion, as long the timesheet is submitted by an attorney who complied with the requirement to keep detailed contemporaneous records and the timesheet has sufficient detail accurately reflecting what is in those records.

11

considering a G&G EAJA fee application, because these are "matters concerning the public fisc, every effort should be made to keep detailed, accurate, and contemporaneous billing records." Conserva, 2023 WL 8126660, at *3. In Conserva, the court cautioned that this approach (submitting invoices based on "detailed, accurate, and contemporaneous billing records") should also be used when seeking an EAJA fee award through negotiation – otherwise, counsel is "disincentivized [from] the meticulous timekeeping that should constitute the standard for billing." Id.

If the record suggests that a prevailing plaintiff has submitted a reconstructed (and therefore facially less reliable) record, the court must assure itself that the submission is as accurate as a properly contemporaneous one. See Morin v. Sec'y of Health & Hum. Servs., 835 F. Supp. 1431, 1438-39 (D.N.H. 1993). Further, when the claimant's time records reasonably raise a "red flag" for the Commissioner and support a "good faith" challenge to the fee application, the court may find that the fees incurred in opposing the Commissioner's challenge were not "reasonably incurred," but rather are the byproduct of poor record keeping. Conserva, 2023 WL 8126660, at *3. In that circumstance, no award for time spent defending the fee petition should be made. Id. at *3-4.

District Courts "have considerable leeway in selecting fair and reasonable attorney's fees." Michel v. Mayorkas, 68 F.4th 74, 81 (1st Cir. 2023) (internal quotation marks omitted). "An attorney's statement must support the fees requested and it is within the district court's broad discretion to 'separat[e] wheat from chaff.'" Id. (quoting Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 340 (1st Cir. 2008)). "Reasonableness in this context is largely a matter of informed judgment" by the court." Torres-Rivera, 524 F.3d at 336. Thus, the "district court will always retain substantial discretion in fixing the amount of an EAJA award." Stern v. Astrue,

Civil No. 08-213-P-S, 2009 WL 2824751, at *1 (D. Me. Aug. 27, 2009) (internal quotation marks omitted), adopted, 2009 WL 5174689 (D. Me. Dec. 18, 2009).

### III. Analysis

Although he is clearly a prevailing party normally entitled to a reasonable fee award, I recommend[20] that the Court should exercise its discretion to deny Plaintiff's EAJA motion in this case because (1) Plaintiff has not sustained his burden of presenting the Court with a timesheet that adequately meets the statutory requirement in § 2412(d)(1)(B) (timesheet must "stat[e] the actual time expended"); and (2) the Commissioner has established special circumstances arising from G&G's unreliable timesheets submitted during the period in question that make an award in this case unjust, § 2412(d)(1)(A). In making this recommendation, I rely on the clearly established pattern described above (which G&G has not rebutted) of identical entries of attorney time for the opening briefs as claimed in Francisco, Adriane, Austin, Lisa, Michael, Eduardo, Danny, Nicholas and Towanna, coupled with the practical impossibility of ascertaining whether the Eduardo final timesheet – still substantially similar to those timesheets – is based on actual time or not.[21] I further rely on the "special circumstances" that the Commissioner has established, which collectively are very troubling[22] and sufficient to compel a finding that the

---

[20] If the Court disagrees with this recommendation and determines that an award should be made, I find that Plaintiff's request for $4,179.97 should be reduced by $129.83 because the time Plaintiff incurred to procure extensions is not reimbursable. Joseph M., 2022 WL 17735821, at *3 (extensions generally are not proper expenses for EAJA fee awards). This would reduce the total award to no more than $4,050.14.

[21] As noted supra n. 11, at least as to Austin and Lisa, G&G now concedes that the identical time entries were a paralegal "mistake."

[22] The fact that most of the materially identical timesheets were submitted as compromise proposals does not render their submission beyond criticism. The Rhode Island Rules of Professional Conduct prohibit the submission to counsel for the Commissioner of a timesheet that is known by the attorney making the submission not to be based on time actually spent on the case in issue. R.I. Sup. Ct. R. 4.1 (attorney's duty of truthfulness in making statements of material fact or law to a third party). Such misconduct would be exacerbated in the circumstances here, in that the submission was to the United States to procure acquiescence to a specified EAJA fee paid from the "public fisc," as G&G was cautioned in Conserva, 2023 WL 8126660, at *3 ("in matters concerning the public fisc, every effort should be made to keep detailed, accurate and contemporaneous billing records" and not to approach

Court should exercise its discretion to find that any award in this case would be unjust. Relatedly, and including consideration of the burden inflicted on the Court and the Commissioner to wade through materially identical timesheets submitted in nine different cases,[23] I find that this amounts to an "egregious case," which our Circuit has held can and should be the basis for disallowance. Grendel's Den, Inc., 749 F.2d at 952. I also squarely reject Plaintiff's "no harm/no foul" argument that the EAJA award sought in this case is so modest and below the norm that the Court should overlook the irregularities accurately flagged by the Commissioner. The applicable statute requires the Court to award EAJA fees only for the actual time expended, 28 U.S.C. § 2421(d)(1)(B), and the Commissioner was and is duty bound to raise these issues without regard to how modest the total is because this is a "matter[] concerning the public fisc." Conserva, 2023 WL 8126660, at *3.

Before closing, I pause briefly to address Plaintiff's request on reply for a supplemental award of an additional $4,855.60[24] for the work (twenty hours of attorney time) to respond to the Commissioner's "baseless attacks" in his opposition to the EAJA motion. ECF Nos. 27-4; 27-7. Even if the Court disagrees with my recommendation above that no award should be made, I

---

communication with the Commissioner regarding EAJA fees as mere "negotiation"). To be clear, I am not conducting a disciplinary proceeding; rather, my finding is that it would be unjust to award an EAJA fee in these circumstances.

[23] My finding regarding this burden is exacerbated by the replies recently filed in Austin/Lisa, in which G&G concedes that the identical language in the Austin/Lisa compromise timesheets (which, like Eduardo, were submitted to the Commissioner prior to December 13, 2023) was a paralegal mistake that was corrected and sent to Attorney Greenberg in "December 2023." Austin, 23-cv-11-WES-PAS, ECF Nos. 21 at 1; 21-2 ¶¶ 3-4; Lisa, 23-cv-178-JJM-LDA, ECF Nos. 20; 20-2. In Austin/Lisa, G&G apologizes for the mistake and asserts that Attorney Greenberg "emailed Defendant's counsel to disregard the timesheet as soon as he realized the timesheet was not correct." Austin, 23-cv-11-WES-PAS, ECF Nos. 21 at 1; Lisa, 23-cv-178-JJM-LDA, ECF No. 20 at 1. Yet, despite this December 2023 discovery of the mistake in Austin and Lisa, in Eduardo, seemingly tainted by the same "mistake," G&G has persisted in stridently arguing that the Commissioner's arguments are baseless, compelling the Commissioner to file its December 22, 2023, opposition and its December 28, 2023, supplement, and compelling the Court to invest substantial judicial resources in struggling to untangle the mess.

[24] This supplemental fee request seeks materially more than is requested in the original EAJA motion ($4,179.97). To be clear, Plaintiff is asking the Court to award a total of $9,035.57.

separately recommend that the supplemental request for fees-on-fees be denied. I find that the Commissioner's opposition was far from baseless but was made in good faith, Conserva, 2023 WL 8126660, at *3, as well as that the Commissioner's position on opposition has raised a troubling pattern that is worthy of the Court's attention and is certainly "substantially justified." 28 U.S.C. § 2412(d)(1)(A). In such circumstance, an EAJA fee award for fees-on-fees should not be made. See Joseph M., 2022 WL 17735821, at *2 (fee award should not include time preparing reply because inadequacy of claimant's timesheet forced Commissioner to prepare extensive opposition).

**IV.  Conclusion**

Based on the foregoing, I recommend that Plaintiff's Motion for Attorneys' Fees under the EAJA (ECF No. 19) be DENIED. Any objections to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen days of service of this report and recommendation. See Fed. R. Civ. P. 72(b); DRI LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See Brenner v. Williams-Sonoma, Inc., 867 F.3d 294, 297 n.7 (1st Cir. 2017); Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
February 21, 2022