```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND
```

_____
                                   )
EDUARDO V.,                        )
                                   )
         Plaintiff,                )
                                   )
     v.                            )     C.A. No. 23-11 WES
                                   )
MARTIN O'MALLEY,                   )
Commissioner of the Social         )
Security Administration,           )
                                   )
         Defendant.                )
_____)

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, District Judge.

Before the Court is Magistrate Judge Sullivan's Report and Recommendation ("R&R"), ECF No. 28, recommending that the Court deny Plaintiff Eduardo V.'s Motion for Attorney's Fees, ECF No. 19. Although Plaintiff is a prevailing party that would normally recover such costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, Judge Sullivan held that Plaintiff did not meet his burden of presenting a reliable timesheet and that special circumstances justified the denial of an award. Specifically, Judge Sullivan found that Plaintiff's counsel from Green & Greenberg ("G&G") provided a timesheet that appeared to be a canned reconstruction of timesheets that G&G presented in previous cases, rather than one based on contemporaneously maintained time records.

Plaintiff filed Objections to the R&R ("Pl.'s Objs."), ECF No. 32, and the Commissioner filed his Opposition to Plaintiff's Objections to the R&R ("Comm'r's Opp'n"), ECF No. 33. For the following reasons, the Court adopts in full the reasoning and conclusions of Judge Sullivan's R&R.

## I. BACKGROUND

G&G is a Providence-based law firm specializing exclusively in Social Security Disability Insurance and Supplemental Security Income claims.[1] Through August 2023, G&G Attorney David Spunzo served as the sole attorney of record in this case and drafted Plaintiff's Motion to Reverse the Decision of the Commissioner, ECF No. 12, which he filed on July 3, 2023. R&R 1. Before the Court ruled on that Motion, Attorney Spunzo departed from G&G on September 1, 2023, at which time Attorney Moe Greenberg stepped in his place. Id. During that same period, eight of Attorney Spunzo's other cases were in a similar procedural posture. Id. at 1-2, 3 n.3.

G&G's clients prevailed in each of those cases, and thereafter, G&G sought to recover attorneys' fees. See id. at 3 & n.3. Attorney Greenberg filed the first EAJA motion in Francisco A. v. Kijakazi, No. 1:23-cv-00085-MSM-LDA (D.R.I.), ECF No. 15, to which the Social Security Commissioner consented. R&R 5-6 & n.10.

---

[1] Green & Greenberg Attorneys at Law, https://greengreenberg.com (last visited April 18, 2024).

In the following weeks, Attorney Greenberg sent the Commissioner compromise proposal timesheets in seven of Attorney Spunzo's former cases, including in this case, that were identical in noteworthy respects to the Francisco timesheet.[2]  Id. at 7. Attorney Greenberg also filed timesheets with the same entries in support of EAJA motions in two other cases.  Id. at 6-7.

On December 13, 2023, counsel for the Commissioner sent an email to Attorney Greenberg notifying him of this pattern.  Id. at 8.  Five days later, Attorney Greenberg filed the instant Motion for EAJA fees.  Id.  The Motion included a timesheet ("Eduardo Timesheet"), ECF No. 19-1, that contained some differences from the compromise proposal timesheet that G&G had previously provided to the Commissioner.  Namely, the Eduardo Timesheet: 1) added a time entry for time spent reviewing the administrative record; 2) decreased the time entry for drafting the brief from 7.50 hours to 7.25 hours; and 3) modified the date of the time entry for editing the brief from June 30, 2023 to July 3, 2023.  R&R 9.

The Commissioner opposed Plaintiff's Motion, asserting that the Court should refrain from awarding attorney's fees given G&G's questionable conduct.  See generally Comm'r's Opp'n.  The

---

[2] For instance, Judge Sullivan found that "the time claimed for preparing and filing each of the very different briefs filed in each of these very different cases is verbatim identical, down to the level of punctuation."  Report and Recommendation ("R&R") 7, ECF No. 28.

3

Commissioner analyzed the identical timesheets that G&G had previously provided and discussed how the Eduardo Timesheet only included marginal differences. Id. at 4-9; Comm'r's Suppl. Mem. Opp. 2-3, ECF No. 25. In response, Attorney Greenberg contended that the Court should grant the Motion because Plaintiff is seeking only modest fees. Pl.'s Reply Mem. 2-3 ("Reply"), ECF No. 27. Additionally, he averred that the Commissioner's reliance on the compromise proposal timesheets was a red herring and that analogous timesheet entries are part and parcel of operating a large-volume Social Security practice. Id. at 3-7. Attorney Greenberg also included an affidavit from Attorney Spunzo, stating that the time entries in the Eduardo Timesheet were correct and that, following his departure from G&G, he reviewed timesheets "as requested" when they involved his work. Aff. David Spunzo ("Spunzo Aff.") ¶¶ 7-9, ECF No. 27-1.

On February 21, 2024, Judge Sullivan issued an R&R recommending that the Court deny Plaintiff's Motion. See R&R 15. Judge Sullivan conducted a comprehensive analysis of the timesheets that G&G provided between October 2023 and December 2023. See id. at 3-10. Her analysis revealed that, prior to the Commissioner's December 13, 2023 email, G&G had produced eight timesheets to the Commissioner that were "identical . . . in pivotal respects" to one another. Id. at 7 (footnote omitted). Judge Sullivan further noted that, following the Commissioner's

4

email, G&G filed the Eduardo Timesheet, which "appear[ed] to be based on the same foundation as the Francisco timesheet (and other timesheets), albeit edited so that there are differences." Id. at 9.

As a result, Judge Sullivan held that the Eduardo Timesheet did not meet the EAJA's requirements. Id. at 13. Specifically, she could not determine whether that timesheet's entries were based on actual time expended, reasoning that:

> it is impossible for the Court to ascertain to what extent the Eduardo final timesheet is derived from the pattern of conduct flagged by the Commissioner's December 13, 2023 email; to what extent it was edited to simply create artificial differences; and/or to what extent the differences have altered it from a reconstruction to an appropriate look-back to contemporaneous time records. I do not find the Spunzo affidavit sufficient to overcome this deficiency because it is cabined as limited to entries reflecting work he performed which he reviewed "as requested."

Id. at 9-10 (quoting Spunzo Aff. ¶ 7). Judge Sullivan supported that finding by comparing the Eduardo Timesheet to timesheets that G&G later filed in five other cases. Id. at 10. Those timesheets bore no resemblance to the compromise proposal timesheets and included time entries that were specifically tailored to the circumstances of each case. Id.

Judge Sullivan also held that the Commissioner established special circumstances that rendered an award of fees unjust. Id. at 13-14. Along with her aforesaid findings, Judge Sullivan stated

5

that, in two of Attorney Spunzo's other cases, G&G proffered an affidavit from a G&G paralegal stating that the identical timesheets were a clerical error and that she notified Attorney Greenberg of that error in December 2023.  Id. at 14 n.3 (citing Austin B. v. O'Malley, No. 1:23-cv-00142-JJM-PAS (D.R.I.), ECF No. 21-2 ¶¶ 3-4 and Lisa H. v. O'Malley, No. 1:23-cv-00178-JJM-LDA (D.R.I.), ECF No. 20-2 ¶¶ 3-4).  Nonetheless, Attorney Greenberg did not acknowledge such clerical errors in his January 2024 Reply, and instead contended that the Commissioner's arguments were "baseless" and "half-baked."  Reply 3.  Consequently, Judge Sullivan noted that Attorney Greenberg's conduct caused the Commissioner and the Court "to invest substantial judicial resources in struggling to untangle the mess."  R&R 14 n.23.

Attorney Greenberg thereafter filed an objection to Judge Sullivan's R&R.  He asserts – for the first time in this case – that G&G made the "unfortunate mistake" of sending timesheets with "clerical errors" and that G&G rectified those mistakes following the Commissioner's December 13, 2023 email.  Pl.'s Objs. 1.  In particular, Attorney Greenberg states that G&G crafted the Eduardo Timesheet based on the time entries that Attorney Spunzo provided after the Commissioner's email.  Id. at 1-2.  In support, he introduces an email chain between Attorney Spunzo and a G&G paralegal dated December 17, 2023 ("Spunzo Emails") – the day before G&G filed the Motion.  Spunzo Emails (Dec. 17, 2023), ECF

6

No. 32-1. In that chain, a G&G paralegal asked Attorney Spunzo for his time entries from various cases, including this case and several other cases, in which G&G had provided identical timesheets. Id. Attorney Spunzo responded with billable hours for the Eduardo case, which reflect the time entries that G&G included in the Eduardo Timesheet. Id.; Pl.'s Objs. 2-3.

## II. ANALYSIS

Under the EAJA, Social Security claimants may recover attorney's fees when they bring successful claims against the Government. Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002); see 28 U.S.C. § 2412(d). In seeking fees, claimants must demonstrate that they are the prevailing party and that they filed an application for EAJA fees, including an itemized statement of the actual time spent on the case, within thirty days of final judgment. Castaneda-Castillo v. Holder, 723 F.3d 48, 79 (1st Cir. 2013). If a claimant meets those requirements, the Government may then demonstrate that its position was "substantially justified or that special circumstances render an award unjust." 28 U.S.C. § 2412(d)(1)(A). Otherwise, the Court must award a reasonable amount of fees. Sarmento v. Colvin, No. CIV.A. 10-11724-RWZ, 2013 WL 3229681, at *1 (D. Mass. June 24, 2013).

Here, Judge Sullivan found that Plaintiff failed to establish that his timesheet met the EAJA's requirements, and that the Commissioner demonstrated special circumstances rendering the

7

award unjust. R&R 13. Plaintiff objects to each of those findings. First, Plaintiff contends that the Spunzo Emails prove that the Eduardo Timesheet itemizes the actual time that G&G spent on the case. Pl.'s Objs. 2-3. Second, Plaintiff argues that special circumstances do not exist to justify the denial of an award. Id. at 4-10. The Court addresses those objections in turn.

### A. EAJA Requirement for Actual Time Expended

The EAJA mandates that a party seeking an award of fees submit "an itemized statement from any attorney . . . representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B) (emphasis added). Specifically, the timesheet must consist of contemporaneously maintained time records that itemize the work performed in the case. Castaneda-Castillo, 723 F.3d at 79. In assessing that burden, the First Circuit Court of Appeals has held that "the absence of detailed contemporaneous time records, except in extraordinary circumstances, will call for a substantial reduction in any award or, in egregious cases, disallowance." Id. (quoting Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 952 (1st Cir. 1984)).

In denying Plaintiff's Motion, Judge Sullivan could not determine whether the Eduardo Timesheet reflected the actual time that G&G spent on the case, as G&G did not explain the basis for the changes that it made to the Eduardo Timesheet in the five-day

8

period between the Commissioner's email and G&G's filing of the timesheet. See R&R 9-10. Judge Sullivan also noted that the Eduardo Timesheet still appeared to be based on the same foundation as the timesheets that G&G provided prior to the Commissioner's December 13, 2023 email. Id. at 9. Plaintiff addresses those findings by introducing the Spunzo Emails, as well as screenshots from G&G's timekeeping system, to demonstrate that the Eduardo Timesheet reflects the actual time that Attorney Spunzo spent. Pl.'s Objs. 1-3.

The Court, nonetheless, is not persuaded that the Eduardo Timesheet contains accurate and contemporaneous records of G&G's actual time spent. The Spunzo Emails do not rectify the troubling fact that the Eduardo Timesheet closely resembles the compromise proposal timesheets that G&G produced prior to the Commissioner's email. For reference, Judge Sullivan found that, since the filing of the Eduardo Timesheet, G&G has filed timesheets in Attorney Spunzo's other cases that "are entirely different in that the work performed on the opening brief is unique and seemingly tailored to the circumstances of the individual case."[3] R&R 10. Unlike those timesheets, the Eduardo Timesheet contains nearly identical

---

[3] Judge Sullivan referred to the timesheets that G&G filed in Austin B. v. O'Malley, No. 1:23-cv-00142-JJM-PAS (D.R.I.), ECF No. 17-1, and in Adriane A. v. O'Malley, No. 1:23-cv-00077-JJM-PAS (D.R.I.), ECF No. 16-1. She stated that she would recommend the Court award fees in those two cases. R&R 10.

9

entries to the compromise proposal timesheets, including: 1) 1.25 hours for reviewing the complaint and for filing documents; 2) 2.25 hours for reviewing and incorporating edits into the draft brief; and 3) 7.25 hours for drafting the opening brief.[4] Compare Eduardo Timesheet, with EAJA Petitions & Timesheets, ECF No. 23-1. Moreover, the Eduardo Timesheet is devoid of entries reflecting work that was uniquely tailored to the circumstances of the case.

Accordingly, the Court adopts Judge Sullivan's holding that Plaintiff failed to present a timesheet itemizing the actual time spent on the case.

### B.  EAJA's "Special Circumstances" Exception

The EAJA's "special circumstances" exception provides courts with discretion "to apply traditional equitable principles" when determining whether to award fees. Oguachuba v. INS, 706 F.2d 93, 98 (2d Cir. 1983); see 28 U.S.C. § 2412(d)(1)(A). Judge Sullivan found that, even if Plaintiff met the EAJA's requirement for providing actual time expended, the Government established the existence of special circumstances rendering an award unjust. R&R 13-14. Plaintiff objects on the grounds that Judge Sullivan relied on case law not involving awards under the EAJA and that courts

---

[4] The compromise proposal timesheets state that Attorney Spunzo spent 7.50 hours drafting the opening briefs in those cases. See EAJA Petitions & Timesheets 10, 19, 34-39, ECF No. 23-1.

10

may deny fees only when the plaintiff, rather than the plaintiff's counsel, acted "without clean hands." Pl.'s Objs. 4-10.

Despite Plaintiff's contentions, courts may invoke the EAJA's special circumstances exception as an equitable remedy to reduce fees when an attorney engages in misconduct. See, e.g., Brooks v. Berryhill, No. 115CV00436CKKGMH, 2017 WL 10716887, at *6-7 (D.D.C. Oct. 26, 2017), report and recommendation adopted, No. CV1500436CKKGMH, 2019 WL 120767 (D.D.C. Jan. 7, 2019). Indeed, attorney misconduct can warrant a complete denial of fees when counsel acts in a "duplicitous or dishonest" manner that intentionally attempts "to pervert justice." Meyler v. Comm'r of Soc. Sec., No. CIV. 04-4669 (GEB), 2008 WL 2704831, at *2 (D.N.J. July 7, 2008). The standard presents a "high bar," as courts award fees even when counsel acts in an unprofessional manner that falls short of deceiving the court. Thomas v. Comm'r of Soc. Sec., No. 2:19-CV-1774-DMC, 2024 WL 382466, at *3 (E.D. Cal. Feb. 1, 2024); see also id. (awarding full fees, despite plaintiff counsel's unprofessional statements in brief); Torres v. Saul, No. 2:18-CV-1716, 2020 WL 4581825, at *5 (D.N.J. Aug. 10, 2020) (same); Meyler, 2008 WL 2704831, at *2-3 (awarding reduced fees because counsel's inappropriate language in brief delayed proceedings).

Here, Attorney Greenberg failed to maintain his duty of candor to the Court. In responding to the Commissioner's opposition brief, Attorney Greenberg adamantly refuted the Commissioner's

11

contentions related to the identical timesheets and even requested a supplemental fee award based on the Commissioner's "baseless" and "half-baked" arguments.[5]  See Pl.'s Reply 3, 7.  Nonetheless, approximately one month earlier, Attorney Greenberg filed an affidavit from a G&G paralegal in two of G&G's other cases, in which she stated that the initial timesheets contained "mistakes" and that she sent the corrected timesheets to Attorney Greenberg.[6]  See Austin B. v. O'Malley, No. 1:23-cv-00142-JJM-PAS (D.R.I.), ECF No. 21-2 ¶¶ 3-4; Lisa H. v. O'Malley, No. 1:23-cv-00178-JJM-LDA (D.R.I.), ECF No. 20-2 ¶¶ 3-4.

The paralegal affidavit demonstrates that Attorney Greenberg knew such information when he filed the Reply.  Rather than disclosing that information to Judge Sullivan, Attorney Greenberg attempted to persuade her to recommend an award of fees by making what he knew to be baseless arguments (i.e., contending that the nearly identical timesheets resulted from the cyclical nature of G&G's practice), and by mischaracterizing the Commissioner's assertions that he knew to be true.  It was only after Judge

---

[5] Plaintiff later withdrew his request for supplemental fees, stating, "Plaintiff's counsel acknowledges and apologizes for the confusion caused to opposing counsel and the time required for the Court to resolve this dispute."  Pl.'s Objs. R&R 10, ECF No. 32.

[6] Unlike the present case, Attorney Greenberg recognized the errors in the initial timesheets from the outset in those two cases.  See Austin B. v. O'Malley, No. 1:23-cv-00142-JJM-PAS (D.R.I.), ECF No. 21; Lisa H. v. O'Malley, No. 1:23-cv-00178-JJM-LDA (D.R.I.), ECF No. 20.

Sullivan issued the R&R that Attorney Greenberg acknowledged that the initial Eduardo Timesheet was inaccurate, and that G&G had reached out to Attorney Spunzo to correct it. Ultimately, Attorney Greenberg's lack of candor falls well within the range of duplicitous and dishonest conduct. See Meyler, 2008 WL 2704831, at *2 (stating that courts may deny fees when counsel's behavior "intentionally tr[ies] to pervert justice").

Attorney Greenberg also caused the Commissioner and the Court to unnecessarily invest substantial resources. His lack of candor required the Commissioner and Judge Sullivan to address his groundless arguments, and moreover, forced Judge Sullivan to rely on an incomplete set of facts when issuing her R&R. See R&R 14 n.23. Indeed, Judge Sullivan held that she could not determine how G&G came up with the new entries in the Eduardo Timesheet. Id. at 9-10. Said differently, she found that G&G provided no basis as to how the initial timesheet that G&G sent to the Commissioner morphed into the timesheet that G&G filed with the Court on December 18, 2023. Id. Consequently, Judge Sullivan could have engaged in a more appropriate analysis, and perhaps even reached a different conclusion, had Attorney Greenberg recognized that the initial timesheets were inaccurate and that G&G had attempted to correct those timesheets by reaching out to Attorney Spunzo. See Meyler, 2008 WL 2704831, at *3 (reducing fees when "Plaintiff's counsel engaged in conduct that 'unduly and

13

unreasonably protected the final resolution of the matter in controversy'" (quoting 28 U.S.C. § 2412(d)(1)(C))).

Further, a complete denial of fees does not undercut the EAJA's legislative purpose.  Congress enacted the EAJA to "reduce the likelihood that challenges to bureaucratic action would be deterred by the high cost of litigating, particularly given the enormous resources at the government's disposal." Env't Def. Fund, Inc. v. Watt, 722 F.2d 1081, 1086 (2d Cir. 1983).  The adoption of Judge Sullivan's R&R does not disincentivize challenges to bureaucratic actions because the denial of fees results solely from G&G's disconcerting conduct.  Rather, such a holding promotes candor to the Court and avoids the perverse result of awarding fees when counsel has attempted to mislead the Court on that very issue.  See Bryant v. Apfel, 37 F. Supp. 2d 210, 213-14 (E.D.N.Y. 1999) (denying fees under EAJA when it "would create a perverse incentive for plaintiff's counsel").

Accordingly, the Court adopts Judge Sullivan's holding that special circumstances render an award unjust in this case.

**III. CONCLUSION**

For the foregoing reasons, the Court ADOPTS Judge Sullivan's thorough and well-reasoned R&R in full.  Accordingly, Plaintiff Eduardo V.'s Motion for Attorney's Fees, ECF No. 19, is DENIED.

IT IS SO ORDERED.

/s/ W. Smith
_____
William E. Smith
District Judge
Date: April 22, 2024